Maija M. Druffel, WSBA # 43314
Robert F. Greer, WSBA #15619
Megan C. Clark, WSBA # 46505
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
Telephone: 509-747-9100
Facsimile: 509-623-1439
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

ANDREW ERICKSON, individually,
and CRAIG BELFIELD, individually,

                                        Plaintiffs,

vs.

ENVIRO TECH CHEMICAL
SERVICES, INC., a California
Corporation, doing business as
Organiclean,

                                        Defendant.

No. 1:23-cv-03118

**SECOND AMENDED COMPLAINT
FOR
1) BREACH OF CONTRACT;
2) BREACH OF FIDUCIARY
DUTY;
3) UNJUST ENRICHMENT;
4) ACCOUNTING;
5) VIOLATION OF LANHAM ACT;
6) TRADEMARK
INFRINGEMENT; and
7) CONSUMER PROTECTION ACT
VIOLATION**

Plaintiffs, Andrew Erickson and Craig Belfield, submit their second

amended complaint against defendants and allege as follows:

SECOND AMENDED COMPLAINT - 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## JURISDICTION

1     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1331 (federal question). This Court should exercise pendant jurisdiction over all other claims including state law claims.

2     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred within the County of Yakima, State of Washington.

## PARTIES

3.     Plaintiff Andrew Erickson was, at all times material hereto, a resident of Kootenai County, Idaho and doing business out of Yakima County, Washington.

4.     Plaintiff Craig Belfield was, at all times material hereto, a resident of Yakima County, Washington and doing business out of Yakima County, Washington.

5.     Plaintiff is informed and believes, and thereon alleges, that defendant Enviro Tech Chemical Services, Inc. ("Enviro Tech") is and was, at all times material hereto, a corporation duly incorporated under the laws of the State of California.

6.     Defendant Organiclean was first used by plaintiffs as the name of the

SECOND AMENDED COMPLAINT - 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

product they sold to consumers.    After plaintiffs and defendant Enviro Tech entered into a partnership, it was agreed that Organiclean would continue to be the name of the product sold by the partnership but licensed as a fictitious business name (aka, "doing business as" or "dba") of Enviro Tech in Stanislaus County, California.

## GENERAL ALLEGATIONS

7.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 7 above.

8.    Enviro Tech was founded by Michael S. Harvey and Michael B. Archibald on May 22, 1991, in Modesto California.  Mr. Harvey acted as the Chief Executive Officer of Enviro Tech from 1991 through December 22, 2021, growing the company into one of the leading manufacturers of peracetic acid and bromine-based biocides in the world.    Enviro Tech currently has 23 EPA registered products, has been issued 7 patents (for innovating a new way to stabilize bromine in higher concentrations with less byproducts) and holds 12 FDA Food Contact Notifications.

9.    Enviro Tech mainly sells its products in bulk quantities (manufactured on a massive scale) to the food and beverage industry, water treatment plants, agricultural industry, and the oil and gas industry.

SECOND AMENDED COMPLAINT - 3

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

10.    On December 22, 2021, Enviro Tech was purchased by Arxada Holdings, NA, Inc. ("Arxada NA") through a multi-million dollar acquisition.  Mr. Harvey remained in a management position until he was terminated shortly after the business sale was closed.  Enviro Tech now operates under the management and supervision of Arxada NA.

11.    Upon information and belief, the terms of the acquisition are memorialized in a Stock Purchase Agreement dated December 9, 2021 entered into by Enviro Tech and Arxada NA ("SPA").[1]

12. Plaintiffs Andrew Erickson and Craig Belfield have over 30 years of experience selling Northwest tree fruits to retailers.  As a result, Plaintiffs have established relationships with many retailers based on trust and loyalty.

13.    Both Mr. Erickson and Mr. Belfield were familiar with Enviro Tech's products and their significant utility in the food processing and water sanitization industry.  At the time these causes of action arose, Mr. Belfield was employed with CH2O, Inc., a Washington corporation, specializing in water treatment for public institutions, food industries, and agriculture.

---

[1] More specifically, the SPA names all record owners of outstanding capital stock of Enviro Tech, namely Mr. Harvey and two other shareholders, as the "Sellers," and Arxada,NA as the "Buyer," together with its parent company, Herens Topco S.ar.l., a Luxembourg limited liability company.

SECOND AMENDED COMPLAINT - 4

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

14.    During October 2019, Mr. Erickson, Mr. Belfield, and Tom Iverson, an owner of CH20, began selling a product of Enviro Tech, Peraspray, in small quantities that could be used by the general public at home or commercially with the goal of being distributed in mass quantities by retailers like Costco or Target. The partnership purchased bulk quantities from Enviro Tech and then shipped the consumer sized finished products to CH20's warehouse in Thurston County, Washington.  They called the product "Organiclean."

15.    Mr. Iverson decided to exit the partnership during the initial startup phase.

16.    Mr. Erickson and Mr. Belfield continued on with the partnership, incurring significant startup costs to develop the product, including: design and graphics for the packaging; attorney fees for trademarking the label; building a website; developing point of sale materials and brochures: and freight costs and shipping costs for sending samples to numerous potential retailers and consumers. Within a few months, Mr. Belfield and Mr. Erickson had established agreements with some grocery distributors to sell the product.

17.    During early 2020, Mr. Erickson and Mr. Belfield realized that with the increasing sales of the Organiclean product it had strong potential to scale.  Mr. Erickson and Mr. Belfield contacted Mr. Harvey of Enviro Tech and discussed the

SECOND AMENDED COMPLAINT - 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

potential of the Organiclean product if the production could increase in scale to match the sales and demand. Mr. Harvey, on behalf of Enviro Tech and in the normal course of its business, agreed to enter into a partnership agreement with Mr. Belfield and Mr. Erickson during the summer of 2020 ("Partnership Agreement").

18.     Under the Partnership Agreement, Mr. Belfield and Mr. Erickson agreed to allow Enviro Tech to use the unregistered trademark "Organiclean" as part of their initial capital contribution to the partnership. Enviro Tech licensed Organiclean as a fictitious business name of Enviro Tech in Stanislaus County, California. Enviro Tech would also oversee the billing and collections through its Chief Financial Officer, who set up a separate bank account to be used only for Organiclean product sales.

19.     On March 21, 2019, Mr. Erickson filed an application to register "Organiclean" as a trademark with the United States Patent and Trademark Office ("USPTO"). On October 6, 2020, Organiclean was officially registered with the USPTO as US Trademark Registration No. 6170366 as an "all purpose organic cleaner; organic wash for fruits and vegetables." Its first use in commerce is September 3, 2019 ("Organiclean Trademark"). Organiclean's Trademark has

SECOND AMENDED COMPLAINT - 6

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

maintained active ("live") status with the USPTO from October 6, 2020 through the present.

20.    Enviro Tech would produce, package, and ship the Organiclean products and charge the costs against the sale proceeds from the Organiclean products.    The net sale proceeds were distributed into the Organiclean bank account.

21.    Mr. Erickson and Mr. Belfield would market and sell the product to retailers and consumers with whom they had well established relationships over the years working within the agriculture industry.

22.    Mr. Erickson, Mr. Belfield, and Enviro Tech by and through Mr. Harvey agreed to share equally in the net sales of Organiclean products, including future Organiclean products, with 1/3 of the proceeds to be credited to each partner (hereinafter all products sold pursuant to the Partnership Agreement shall be collectively referred to as "Organiclean Products").

23.    As his capital contribution, Mr. Erickson shipped the existing inventory of bottles, labels, and sprayers from a warehouse in Thurston County, Washington to Enviro Tech's processing plant in Modesto, California.    The total cost of inventory and shipping was approximately $50,000.00.

SECOND AMENDED COMPLAINT - 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

24.     As its capital contribution, Enviro Tech was to match Mr. Erickson by contributing $50,000.  There is no evidence to date supporting whether this capital contribution was in fact made by Enviro Tech.

25.     As his capital contribution, Mr. Belfield's profit split would be applied to his capital account over time until the $50,000 contribution was met.

26.     In November 2020, the partners developed a new product called Organiclean OC3.  Mr. Erickson and Enviro Tech made cash contributions for packaging the new product.

27.     The partners also began to sell another product called Bac Stop, which is a hand sanitizer, during the height of the corona virus pandemic when demand was surging.  Bac Stop was sold by the partners, including through Mr. Erickson to schools throughout Washington and Oregon.  The mark up for the sale of Bac Stop resulted in significant margins being realized on each sale and specifically when bulk quantities were ordered.  Plaintiff's believe the profits from the Bac Stop sales were much more then the $180,000 stated in the Organiclean bank account as of the date Arxada NA took over.

28.     Pursuant to the Partnership Agreement, Mr. Erickson, Mr. Belfield, and Enviro Tech by and through Mr. Harvey agreed to share equally in the net sales of all Organiclean Products including Organiclean OC3 and Bac Stop, with

SECOND AMENDED COMPLAINT - 8

ETTER, M<sup>C</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1/3 of the proceeds to be credited to each partner. In other words, after costs were accounted for, the net remaining proceeds from the sales of all Organiclean Products was to be deposited into the Organiclean bank account. This way, Enviro Tech would first be paid for any costs associated with production, packaging and distributing the Organiclean Products.

29.    Upon information and belief, the Organiclean bank account had a balance of at least $180,000 as of December 2021 and immediately prior to the acquisition of Enviro Tech by Arxada, NA and pursuant to Exhibit C of the SPA, the Organiclean bank account is listed as a cash asset of Enviro Tech with a balance as of July 2021 of $185,000.

30.    Upon information and belief, the proceeds from the Bac Stop sales are in excess of the $180,000. Despite requesting information regarding the sales of all the Organiclean Products, defendants have repeatedly refused to produce any such documents. Plaintiff's believe that discovery will provide the location and value received by Enviro Tech from sales of the Bac Stop products.

31.    Pursuant to Paragraph 4.14 of the SPA, Arxada NA, as successor, effectively assumed liability for all of the Material Contracts that existed as of the date of the SPA including without limitation: (ii) each partnership; (x) each contract pursuant to which a third party develops or has developed any Intellectual

SECOND AMENDED COMPLAINT - 9

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Property for the benefit of [Enviro Tech]; and (xvii) any commitment or arrangement to enter into any of the foregoing.

32.    All of the income from the sales of Organiclean Products are currently under the control and custody of Arxada, NA and/or Enviro Tech. . Despite numerous demands, Mr. Erickson and Mr. Belfield have never been provided with any accounting for the Organiclean Partnership, including bank account statements, receipts, invoices, or disbursements.  Neither Mr. Erickson nor Mr. Belfield have been paid any amount from the net sales of Organiclean Products. Mr. Erickson has never been repaid any of his cash contributions, including the initial $50,000.

33.    Instead of producing documents to Plaintiffs, Arxada has and continues to represent to Mr. Erickson and Mr. Belfield that Organiclean was not profitable and there is or was no income in the Organiclean bank account, which is in direct conflict with the statements of Mr. Harvey.

34.    Plaintiffs originally sold their Organiclean Products to consumers nationwide, including to consumers in Washington state.  Defendants continued misappropriation and use of the Organiclean Trademark without Plaintiffs' permission or agreement created a likelihood of confusion and actual confusion as to whether the products were affiliated with the Organiclean Trademark.

SECOND AMENDED COMPLAINT - 10

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## FIRST CAUSE OF ACTION
### (Breach of Contract)

35.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 34 above.

36.    Mr. Erickson and Mr. Belfield have fulfilled all conditions, covenants, and promises under the Partnership Agreement.

37.    Under the Partnership Agreement, Mr. Erickson contributed and shipped the inventory for packaging the Organiclean Products to Enviro Tech, which all partners agreed was worth approximately $50,000.

38.    As of December 2021, the Organiclean bank account showed a balance of $180,000, which represents the net proceeds from the sale of Organiclean, and the Organiclean OC3. The Plaintiffs believe and hereon allege that the Bac Stop proceeds were even greater then the $180,000 but have never received any information as to where the profits were deposited or held. . Defendants have refused to provide any information regarding the sales of the Bac Stop products, which is a breach of the Organiclean Partnership Agreement.

39.    Mr. Erickson and Mr. Belfield have not received any proceeds from the sale of the Organiclean Products as was agreed to by all partners.

40.    Enviro Tech's refusal to pay Mr. Erickson and Mr. Belfield is a

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

breach of the Partnership Agreement.

41.     Arxada, NA, as the current owner of Enviro Tech, has breached its

obligations to honor the commitments of Enviro Tech and pay Mr. Belfield and

Mr. Erickson pursuant to the Partnership Agreement.

42.     As a direct and proximate result of the breach, Plaintiffs have suffered

damages in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty – RCW 25.05.165)

43.     Plaintiffs realleges and incorporates by reference the allegations of

paragraphs 1 through 42 above.

44.     Enviro Tech and Arxada NA as its successor, were obligated to fulfill

all existing covenants and commitments of Enviro tech, including the Partnership

Agreement entered into by and between Enviro Tech, Mr. Belfield, and Mr.

Erickson.

45.     Arxada  NA, as the owner of Enviro Tech and thereby partner of Mr.

Belfield and Mr. Erickson, owed fiduciary duties to Mr. Belfield and Mr. Erickson.

46.     Enviro Tech, by and through its current owner, Arxada NA, is using

its custody of the bank accounts, records and income received from the sale of

Organiclean Products to: (1) dishonor the agreement with Mr. Erickson and Mr.

SECOND AMENDED COMPLAINT - 12

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Belfield to pay them 1/3 of the net sale proceeds realized by sale of Organiclean Products; (2) fail to repay Mr. Erickson any amount of his $50,000 capital contribution; and (3) refuse to provide Mr. Erickson with an accounting of the Partnerships finances despite numerous requests for the same, and injured the right of Mr. Erickson and Mr. Belfield to receive the benefits of the Partnership Agreement thereby breaching fiduciary duties.

47.   As a direct and proximate result of the breach, Plaintiffs have suffered damages in an amount to be proved at trial.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

48.   Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 47 above.

49.   Mr. Belfield and Mr. Erickson incurred significant start-up costs developing the original Organiclean product, the efforts of which they brought to Enviro Tech free of charge.

50.   Mr. Erickson provided at least $50,000 in cash for the Partnership Agreement including the initial capital contribution of inventory shipped to Enviro Tech for use in packaging the Organiclean Products for sale.

51.   Mr. Erickson and Mr. Belfield spent a significant amount of time

SECOND AMENDED COMPLAINT - 13

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

marketing and selling the Organiclean Products to retailers, distributors and direct to consumers.

52.    To date, Enviro Tech, by and through Arxada, NA, has refused to pay Mr. Erickson or Mr. Belfield any amount from the sale proceeds of Organiclean Products.

53.    To date, Enviro Tech, by and through Arxada, has refused to repay Mr. Erickson any amount of cash he contributed to the partnership.

54.    The foregoing investments and efforts of Mr. Erickson and Mr. Belfield conferred a benefit upon Enviro Tech.

55.    Defendants Enviro Tech have appreciation and knowledge of the benefit.

56.     Defendant, by continuing to refuse to pay Plaintiffs any money for the sales of Organiclean Productss, have accepted and retained the benefit.

57.    Under the circumstances, it is inequitable for the defendants to retain the benefits.

58.    Defendant Enviro Tech have been unjustly enriched to the detriment of Plaintiffs and should be required to pay Plaintiffs and repay Mr. Erickson the money realized in sales of Organiclean Products and the capital contribution retained by defendants.

SECOND AMENDED COMPLAINT - 14

ETTER, MᶜMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## FOURTH CAUSE OF ACTION
### (Accounting – RCW 25.05.160)

59.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 58 above.

60.    RCW 25.05.160(3) states: "Each partner and the partnership shall furnish to a partner … (a) Without demand, any information concerning the partnership's business and affairs reasonably required for the proper exercise of the partner's rights and duties under the partnership agreement or this chapter; and (b) on demand, any other information concerning the partnership's business and affairs, except to the extent the demand or the information demanded is unreasonable or otherwise improper under the circumstances."

61.    Enviro Tech has refused to provide an accounting to Mr. Erickson despite his numerous requests for the same.

62.    Mr. Erickson has an absolute right to the financial accounting documents of the partnership, including without limitation: the invoices, receipts, and bank account statements for the Organiclean Products sales.

63.    As the partner in control and custody of the accounts of the partnership, Enviro Tech, by and through Arxada, NA, has a duty to complete and render accurate accounts for all partnership assets when demanded under RCW

SECOND AMENDED COMPLAINT - 15

1 | 25.05.160.

2
3 | 64.    Plaintiffs demand that Arxada, NA and Enviro Tech render a
4 | complete and accurate account of all partnership assets.

5 | <div align="center">

### FIFTH CAUSE OF ACTION
**(Violation of the Lanham Act 15 U.S.C. § 1025)**

6

7 | 65.    Plaintiffs reallege and incorporate by reference the allegations of
8
9 | Paragraphs 1 through 64 above.

10 | 66.    The Lanham Act, 15 U.S.C. § 1125(a) provides in relevant part:

11 | (a) Civil Action

12
13 | (1) Any person who, on or in connection with any goods...uses in commerce any word, term, name...which –

14
15 | (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship or approval of goods, services, or commercial activities by another person,

16
17 | .  .  .

18
19 | Shall be liable in civil action by any person who believes that he or she is or is likely to be damaged by such act.
20

21 | 67.    Plaintiffs' are the registered owners of the Organiclean Trademark
22 | and did not permit, authorize or otherwise agree to Arxada NA and/or Enviro
23
24 | Tech's use of its mark in the sale of products to consumers nationally and within
25 | Washington State.

26 | SECOND AMENDED COMPLAINT - 16

<div align="right">

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

68.    Defendants' conduct individually and collectively in commerce, has been willful and an intentional attempt to infringe on and create a false impression of an affiliation, connection association, or other relationship with Organiclean that is likely to cause consumer confusion.

69.    The conduct of defendants constitutes a violation of the Lanham Act.

70.    As a direct and proximate result of defendants' wrongful conduct, plaintiffs have been damaged in amounts to be determined at trial, including the loss of profits, proceeds and others.

## SIXTH CAUSE OF ACTION
### (Trademark Infringement)

71.    Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 70 above.

72.    The trade name, Organiclean, is a valid and protectable name and was used by Plaintiffs at all times in the operation and sale of its organic cleaning products.  Plaintiffs never abandoned the trade name and has, at all times, owned the trade name Organiclean.

73.    Defendants, without permission, authorization or agreement of plaintiffs, sold products to consumers using the Organiclean trade name.

74.    Defendants unlawful and wrongful misappropriation and use of the

SECOND AMENDED COMPLAINT - 17

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Organiclean trade name is an illegal and unlawful trademark infringement.

75.    As a direct and proximate result of defendants' use of the Organiclean trade name without permission or authorization, plaintiffs sustained substantial damages, including but not limited to, lost profits, lost income, loss of business opportunity and loss of consumer confidences, the amount of which to be determined at the time of trial.

## SEVENTH CAUSE OF ACTION
### (Violation of Washington's Consumer Protection Act, R.C.W. 19.86, et.seq.)

76.    Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 73 above.

77.    Defendants conduct of infringing, misuse and misappropriation of the Organiclean Trademark and trade name was/is: 1) an unfair or deceptive act or practice; 2) occurring in commerce or trade; 3) affecting the public interest; 4) proximately causing; 5) injury to plaintiffs business and profits.

78.    As a direct and proximate result of defendants' conduct in violation of Washington's Consumer Protection act, plaintiffs have been damaged in amounts to be determined at trial including, damage to business, reputation, and loss of profits.

**WHEREFORE**, plaintiff prays for judgment against defendants as follows:

SECOND AMENDED COMPLAINT - 18

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1.  For leave to substitute any additional and actual defendant entities when the true identity is discovered.

2.  For monetary damages and pre judgment interest against defendants in an amount to be proved at trial.

3.  For an award of treble damages pursuant to R.C.W. § 19.86.090.

4.  For a complete and accurate accounting of partnership assets, distributions, statements, invoices, and receipts.

5.  For actual and reasonable attorneys' fees, expenses, and costs pursuant to 15 U.S.C. §1117 and R.C.W. § 19.86.090 or to the extent allowable by statute and law.

6.  For such other and further relief as the Court deems just and equitable.

DATED this 8th day of March, 2024.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.



Maija M. Druffel, WSBA No. 43314

SECOND AMENDED COMPLAINT - 19

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE , Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Amended Complaint was served on all parties of record by ECF/Pacer and US Certified Mail on this 8th day of March, 2024.

Hunter K. Ahern
Shook Hardy & Bacon, LLP
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
*Attorney for defendants Arxada, LLC and*
*Enviro Tech Chemical Services, Inc.*

Maija M. Druffel, WSBA 43314

SECOND AMENDED COMPLAINT - 20

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE . Suite 210
SPOKANE, WASHINGTON 99201   (509) 747-9100