Steven W. Rich, WSBA #48444
SHOOK HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington  98104
Telephone:  (206) 344-7631
E-mail: srich@shb.com
*Attorney for Defendant Enviro Tech Chemical Services, Inc.*

HONORABLE MARY K. DIMKE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW ERICKSON, a married man, and CRAIG BELFIELD, a married man,<br><br>    Plaintiffs,<br><br>v.<br><br>ENVIRO TECH CHEMICAL SERVICES, INC., a California Corporation, d/b/a Organiclean,<br><br>    Defendant. | **Case No. 1:23-cv-03118-MKD**<br><br>**JOINT PROPOSED PRETRIAL ORDER** |

    A pretrial conference was held in the above-entitled cause on September 19, 2025 with the Honorable Mary K. Dimke presiding. Plaintiffs were represented by Maija Druffel and Defendant by Steven Rich, their respective attorneys of record.

The following pretrial order has been formulated and settled as follows:

## NATURE OF PROCEEDINGS AND STATEMENT OF JURISDICTION

**Proposed by Plaintiffs:**

This action arises out of a 2019 Partnership between Plaintiffs and Defendant to sell certain products manufactured by Defendant under the brand name OrganiClean at the retail level and both parties would evenly split the net proceeds from the sales. Plaintiffs assert that the Partnership sold Defendant's Peraspray as OC and Bac Stop. Plaintiffs bring claims for damages based on breach of partnership, breach of fiduciary duty, and unjust enrichment. They also seek an accounting of purported partnership assets.

Defendant denies Plaintiffs' claims, contends there were only losses from the purported partnership, and has asserted two conditional counterclaims against Plaintiffs: 1) breach of contract; and 2) unjust enrichment, wherein Defendant seeks to have Plaintiffs pay their share of losses—to the extent the Court finds a partnership existed.

**Proposed by Defendant:**

This action arises out of an alleged partnership between Plaintiffs and Defendant. Plaintiffs contend that, under the alleged partnership agreement, they would market and sell certain products manufactured by Defendant, and both parties would evenly split the net proceeds from the sales Plaintiffs generated.

Plaintiffs assert that this arrangement pertained to three of Defendant's products: OrganiClean, OC3, and Bac Stop. Plaintiffs bring claims for damages based on breach of partnership, breach of fiduciary duty, and unjust enrichment. They also seek an accounting of purported partnership assets.

Defendant denies Plaintiffs' claims, contends there were only losses from the purported partnership, and has asserted a conditional counterclaim against Plaintiffs, wherein Defendant seeks to have Plaintiffs pay their share of losses—to the extent the Court finds a partnership existed.

**Agreed statement of jurisdiction:**

This Court has jurisdiction over this matter based upon diversity of citizenship. Plaintiffs are citizens of Washington, Defendant is a citizen of California, and the amount in controversy exceeds $75,000.00.

The following facts are agreed upon by the parties and require no proof:

1.  Defendant manufactures peracetic acid and bromine-based biocides. One of its products, Peraspray™, is a broad-spectrum hard surface sanitizer and disinfectant that is sold by Defendant in bulk quantities nationwide. Bac Stop is a hand sanitizer sold by Defendant.

### PLAINTIFF'S CONTENTIONS

Plaintiff's contentions as to disputed issues are as follows:

1. Plaintiffs contend that in September 2019 they entered into a Partnership, as defined under Washington law, with Enviro Tech, through Michael Harvey, Enviro Tech's founder, and then-majority owner and CEO to sell certain Enviro Tech products, Peraspray and a Bac Stop, under the brand name "OrganiClean" ("OrganiClean Products").

2. Plaintiffs contend that they and Enviro Tech agreed to operate under simple and clear terms: Mr. Erickson and Mr. Belfield would act as the sales team or brokers and obtain customers on the retail level through the long-standing relationship they had developed over the course of their careers in the agriculture industry. After establishing a new customer, Plaintiffs would send the customer information to Enviro Tech which would then make, package, ship, and invoice the customer directly.

3. Plaintiffs contend that they also agreed with Enviro Tech to treat the revenues generated by the sales as follows: when payment was received, Enviro Tech would deduct all the costs of manufacture plus a cushion to account for fluctuations in material costs, plus a markup that was retained by Enviro Tech only, the Plaintiffs and Enviro Tech would share the remaining net profits from the sales equally – 1/3 each.

4. Plaintiffs contend that the "all costs of manufacture" as defined by Mr. Harvey included the total costs of: raw materials, labor, product filling, product

sorting, packaging, labels, preparing for shipping, shipping materials, labor for shipping, administrative expenses and a share in Enviro Tech's indirect and overhead expenses).

5. Plaintiffs contend that the software program utilized by Enviro Tech from 2019 through the present would automatically deduct the "all manufacturing costs" plus the mark up and generate the net revenues for all sales of products including by the Partnership.

6. Plaintiffs contend that they contributed significant money and labor to the Partnership without receiving reimbursement or compensation in reliance on the expectation that Enviro Tech would honor the Partnership Agreement and Plaintiffs would receive their equal share(s) of the net profits.

7. Plaintiffs contend the Partnership was profitable and there was no loss to Enviro Tech.

8. Plaintiffs contend that Enviro Tech was aware the Partnership was profitable at least as early as February 20, 2023.

9. Plaintiffs contend that During the Covid-19 pandemic, there were Bac Stop sales made by Plaintiffs' efforts that had not been properly allocated to the Partnership.

10. Plaintiffs contend that Enviro Tech had exclusive control and possession of all accounting information for the Partnership and failed to provide this to

Plaintiffs despite numerous request made in 2022 and 2023.

11. Plaintiffs contend that Enviro Tech's failure to provide them with Partnership accounting is the direct cause for this lawsuit.

12. Plaintiffs contend that Enviro Tech breached the Partnership Agreement, breached its fiduciary duties owed to the Partnership and to Plaintiffs, breached its fiduciary duties to provide Plaintiffs with a complete and accurate accounting for the Partnership, and that Enviro Tech's breach of the foregoing warrants equitable relief, including attorney fees and costs incurred by Plaintiffs in having to file this lawsuit.

13. Plaintiffs contend that they are entitled to pre-judgment interest for the amount of damage that is liquidated.

14. Plaintiffs contend that Enviro Tech's conditional counterclaims do not state a cause for relief, are without any evidence and/or competent witness with actual knowledge to testify in support of the claims.

15. Plaintiffs contend that Enviro Tech's Expert Report is unreliable, is not grounded in fact, supported by source data or a competent witness and will not be admissible to prove any of the "additional costs" claimed to exist.

16. Plaintiffs contend that even if there were evidence to support any of the "additional damages" (there isn't), Enviro Tech, as the partner in control of the accounts for the Partnership is responsible for providing an accurate and complete

accounting for the Partnership and every presumption for Enviro Tech's failure to do so is against Enviro Tech.

## DEFENDANT'S CONTENTIONS

Defendant's contentions as to disputed issues are as follows:

1. Defendant contends that it never had a partnership with Plaintiffs. There is no evidence of a partnership agreement, no evidence of shared control, no joint accounts, and no agreed profit or loss-sharing terms—all hallmarks required under Washington law. To the contrary, the evidence shows Plaintiffs unequivocally failed to establish a separate OrganiClean entity, which was always a condition of any partnership with Defendant.

2. Even if the Court finds a partnership existed, when generally accepted accounting principles and applicable industry standards are used to calculate full-absorption costs, the evidence demonstrates that the purported partnership operated at a net loss. Plaintiffs have no evidence to the contrary. Rather, their claims incorrectly depend on omitting major cost categories associated with OrganiClean in failed effort to show profits.

3. Bac Stop was never a product of the purported partnership. Plaintiffs cannot meet their burden of proof to show otherwise, and they certainly cannot show that they are somehow entitled to a windfall of two-thirds of the profits from certain sales of Bac Stop.

4. Under Plaintiffs' own profit-sharing theory, they must share in losses from the purported partnership. That is, if Plaintiffs somehow convince the Court that a partnership existed, then they will have only proven that they owe Defendant their share of the partnership losses.

5. Judgment should be entered for Defendant: (1) declaring no partnership existed; (2) finding Plaintiffs failed to establish a separate entity; (3) rejecting any claim for Bac Stop sales; and (4) concluding the OrganiClean business produced no profits.

6. To the extent the Court finds a partnership existed, judgment should be entered on Defendant's counterclaim, and it should be awarded Plaintiffs' share of losses.

## ISSUES OF FACT

The following are the issues of fact to be determined by trial:

1. Whether a partnership existed?

2. If a partnership existed, the products to which it pertained?

3. If a partnership existed, the terms of any profit/loss split?

4. If a partnership existed, how the profits or losses are calculated?

5. If a partnership existed, whether it generated any profits?

6. If the partnership existed, and was profitable the amount Defendant owes to Plaintiffs?

7. If the partnership existed, whether there is evidence of lost Bac Stop sales owed to Plaintiffs during 2020? **[Objected to by Defendant because claims were dismissed on summary judgment]**

8. If the partnership existed, whether Plaintiffs are entitled to presumption of lost Bac Stop sales given Defendant was in control of the Partnership accounts? **[Objected to by Defendant because claims were dismissed on summary judgment]**

9. If a partnership existed, whether it incurred any losses?

10. If a partnership existed, and losses were incurred:

    a. The amount of loss owed to Defendant by Plaintiff Andrew Erickson?

    b. The amount of loss owed to Defendant by Plaintiff Craig Belfield?

## ISSUES OF LAW

The following are the issues of law to be determined by the Court:

1. Whether the facts support the elements of a claim for breach of partnership?

2. Whether the facts support the elements of a claim for breach of fiduciary duty?

3. Whether the facts support the elements of a claim for unjust

enrichment?

4. Whether the facts support the elements of a claim for accounting?

5. Whether equitable relief and attorney fees and costs are warranted under Washington law? **[Objected to by Defendant]**

## EXHIBITS

The following exhibits may be received in evidence, if otherwise admissible, without further authentication, it being admitted that each is what it purports to be:

Plaintiffs' Exhibits:

1. None at this time. However, the parties will continue to confer in advance of the pre-trial hearing.

Defendant's Exhibits:

1. None at this time. However, the parties will continue to confer in advance of the pre-trial hearing.

The following plaintiff exhibits are objected to by defendant:

1. 1-23, 25-34

The following defendant exhibits are objected to by plaintiff:

1000-1004, 1006-1007, 1009-1010, 1014-1015, 1027-1033, 1035, (note withdrawn objection to 1041), 1043-1045, 1048, Part of 1052, and 1053.

Other than for impeachment purposes, the only exhibits admitted at trial will be exhibits identified herein or on a supplemental list filed at least 14 days before

trial, or at such earlier date as may have been set by the Court, which supplemental list shall bear counsel's certificate that opposing counsel has had an opportunity to examine the exhibits.

Objections to exhibits, except as to relevancy, must be heard prior to trial.

## **WITNESSES**

The following witnesses may be called by plaintiff (if expert, give field of expertise):

1. Andrew Erickson
2. Craig Belfield
3. Michael Harvey
4. Brett Jansen
5. Alexander Olsen
6. Scott Martin – Forensic Accountant

The following witnesses may be called by defendant (if expert, give field of expertise):

1. Theodore Thome
2. Michael Harvey (by deposition designation)
3. William Partin – Forensic Accountant

Other than for rebuttal purposes, no witnesses may be called unless listed above.

## RELIEF SOUGHT

Plaintiffs request the Court enter: 1) Judgment against Defendants for payment to Plaintiffs of 2/3 of $372,523.22 including pre and post judgment interest and reasonable attorney fees and costs based upon Defendant's breach of the Partnership Agreement; 2) Judgment against Defendants for payment to Plaintiffs of $294,496.51 including attorney fees and costs as equitable relief based upon Defendant's intentional breach of fiduciary duties and accounting to Plaintiffs; and 3) Judgment against Defendants as the Court deems just and proper to compensate Plaintiffs for having to bring this lawsuit and for preservation of Partnership assets.

Defendant requests the Court to: (1) declare no partnership existed; (2) find Plaintiffs failed to establish a separate entity; (3) reject any claim to Bac Stop sales; (4) conclude the OrganiClean business produced no profits; and (5) award Defendant its counterclaim for Plaintiffs' share of losses—to the extent it finds a partnership existed.

## TRIAL

The parties estimate three (3) days trial time.

//

//

//

**ACTION BY THE COURT**

The Court has made the following rulings:

1.

2.

3.

It is ORDERED that the foregoing constitutes the pretrial order in the case and that upon the filing hereof all pleadings pass out of the case and are superseded by this Order. This Order may be amended by consent of the parties and approval by the Court or by the Court to prevent manifest injustice.

DATED this _____ day of _____, 2025.

_____
HONORABLE MARY K. DIMKE
United States District Court Judge

Presented by:

Maija Druffel, counsel for Plaintiffs Andrew Erickson and Craig Belfield

Steven Rich, counsel for Defendant Enviro Tech Chemical Services, Inc.

# CERTIFICATE OF SERVICE

I certify, under penalty of perjury under the laws of the State of Washington, that on September 5, 2025, that a copy of the foregoing document was provided to all counsel of record via e-mail.

                                                */s/ Steven Rich*
                                                Steven Rich