Maija M. Druffel, WSBA # 43314
Robert F. Greer, WSBA #15619
Megan C. Clark, WSBA # 46505
Etter, McMahon, Lamberson,
  Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
Telephone:  509-747-9100
Attorneys for Plaintiff

HON. MARY K. DIMKE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW ERICKSON, a married man, and CRAIG BELFIELD, a married man,<br><br>Plaintiffs,<br>v.<br><br>ENVIRO TECH CHEMICAL SERVICES, INC., a California Corporation, d/b/a Organiclean,<br><br>Defendant. | NO.  1:23-CV-03118-MKD<br><br>PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW |

Plaintiffs Andrew Erickson and Craig Belfield ("Plaintiffs") hereby submit their proposed Findings of Fact and Conclusions of Law pursuant to ECF No. 58.

## I.    **FINDINGS OF FACT**

1. In September 2019 Plaintiffs and Enviro Tech, agreed to enter into business through Mike Harvey ("Harvey"), Enviro Tech's founder, and then-

PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

majority owner and Chief Executive Officer (hereinafter the "Partnership").

2. The purpose of the Partnership was to sell specific products manufactured by Enviro Tech, namely Peraspray and Bac Stop ("OrganiClean Products").

3. Peraspray was a highly effective, organic, and versatile cleaner that, prior to the Partnership, was only sold to manufacturers in bulk quantities. Bac Stop was a hand sanitizer.

4. Plaintiffs and Harvey agreed that the products would sell well at a retail level, in particular because of their certification as "organic."

5. In early 2020, a global pandemic, Covid-19, began, which created a high demand for both products, but Bac Stop in particular.

6. Plaintiffs and Enviro Tech agreed to operate under simple and clear terms.

7. Erickson and Belfield would act as the sales team or brokers and locate retail customers through long-standing relationships developed over the course of their careers.

8. After establishing a new customer, Plaintiffs would send the customer information to Enviro Tech which would then make, package, ship the product, and invoice the customer directly.

9. When payment was received, Enviro Tech would deduct all manufacturing

PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

      costs, plus a cushion to account for fluctuations in material costs, plus a markup, which was retained by Enviro Tech only.

10. The remaining net proceeds were to be shared equally between Erickson, Belfield, and Enviro Tech: a one-third share for each partner.

11. For purposes of the costs, "all manufacturing costs" was intended to include raw materials, labor, product filling, product sorting, packaging, labels, preparing for shipping, shipping materials, labor for shipping, administrative expenses, and a share in Enviro Tech's indirect and overhead expenses.

12. Enviro Tech maintained complete control over all Partnership accounts, financial records, revenues, profits, and information regarding sales.

13. Enviro Tech utilized a software program called ChemPax that could readily run a report for Partnership sales.

14. All costs plus a markup were included and automatically deducted by Enviro Tech through the Chempax software at the time of the Partnership.

15. Plaintiffs contributed money and labor to the Partnership without receiving reimbursement or compensation.

PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

ETTER, M<sup>c</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

16. In December 2021, Arxada Holdings NA, Inc. ("Arxada") acquired Enviro Tech, which remains its wholly owned subsidiary for hundreds of millions of dollars.

17. Enviro Tech and Arxada terminated Harvey as CEO after the acquisition.

18. In 2022, following the acquisition, Erickson and Belfield requested an accounting from Enviro Tech. Enviro Tech refused to provide an accounting to Plaintiffs.

19. This was despite Enviro Tech's exclusive control over the Partnership accounting and records, and the ease with which Enviro Tech could have provided the information through ChemPax.

20. In November 2022, Enviro Tech notified Plaintiffs that their counsel, Jamie Norman, was investigating the Partnership. Thereafter, on January 18, 2023, Norman informed Plaintiffs the Partnership was not profitable, and there was no further action needed.

21. Plaintiffs again requested an accounting to confirm Norman's position, which was denied. Plaintiffs never received a full accounting of the Partnership from Enviro Tech.

PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

22. During the Covid-19 pandemic, there were Bac Stop sales made by Plaintiffs' efforts that had not been properly allocated to the Partnership.

23. As of February 20, 2023, Enviro Tech was aware that the Partnership had generated gross profits of at least $517,168.20. Enviro Tech was in possession of this knowledge prior to the initiation of the instant lawsuit.

24. The Partnership was profitable, and did not operate at a loss for Enviro Tech.

25. Enviro Tech knew that the revenues generated by the Partnership were the result of Erickson and Belfield's years of hard work.

26. Plaintiffs Erickson and Belfield spent $237,125.93 of their own funds from 2018 through 2022 for expenses related to the sales and growth of the Partnership.

27. As of February 20, 2023, the gross profits generated by the Partnership from Peraspray and partial Bac Stop sales totaled at least $517,168.20, with $128,963.58 attributable to Peraspray sales, and the remaining $388,231.62 attributable to Bac Stop sales.

28. Enviro Tech did not properly account for additional sales of Bac Stop, and these sales, consequently, were not properly allocated to the Partnership.

PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

29. The additional Bac Stop sales totaled at least $411,768.38, which are attributable to the Partnership's gross sales.

30. The total gross sales of the Partnership is $928,936.58.

31. Deducting applicable manufacturing costs, pursuant to the terms of the partnership agreement, the total net profit from the Partnership is $667,019.73.

32. Plaintiffs filed a Complaint in Washington state court on July 13, 2023. The matter was removed to Federal Court, and Plaintiffs filed an Amended Complaint on August 16, 2023. Plaintiffs' Complaints alleged causes of action against both Arxada and Enviro Tech.

33. Arxada was dismissed as a defendant by the Court's Order. ECF No. 16.

34. On July 10, 2025, the Court granted Plaintiffs' unopposed Motion to dismiss claims of violations of the Lanham Act, trademark infringement, and violations of the Washington Consumer Protection Act. ECF No. 94.

35. As a result of the July 10 Order (ECF No. 94), the Court's jurisdiction is based on diversity of the parties.

## II.  CONCLUSIONS OF LAW

1. Washington law is applicable to the claims set forth in the Amended

PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 6

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Complaint which have not bee dismissed, which include (1) breach of contract, (2) breach of fiduciary duty, and (3) accounting.

2. Erickson, Belfield, and Enviro Tech, by and through Mike Harvey, entered into a valid and legal partnership agreement, by way of an oral agreement.

3. The Partnership intended to utilize Erickson and Belfield's labor and skill, and Enviro Tech's manufactured products, to create a lawful business whereby the three partners would share in profits and bear losses or expenses in certain proportions.

4. The terms of the Partnership agreement were clear. Erickson and Belfield would market and sell Enviro Tech's OrganiClean Products, that Enviro Tech would manufacture and ship to the customers established by Erickson and Belfield.

5. After Enviro Tech deducted all manufacturing costs, the three partners would share in the net proceeds in equal shares, with one-third distributed to each partner.

6. "All manufacturing costs" included raw materials, labor, product filling, product sorting, packaging, labels, preparing for shipping, shipping materials, labor for shipping, administrative expenses, and a share in

PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 7

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Enviro Tech's indirect and overhead expenses.

7. There are no other applicable costs that can reasonably be deducted from the proceeds of the Partnership sales.

8. Enviro Tech had sole and exclusive control over the accounting, records, books, and customer information, including invoices and payment information, for the Partnership.

9. Enviro Tech, Erickson, and Belfield had a fiduciary relationship with one another. This required the three partners to act with good faith, and the partners had a duty of loyalty to the Partnership and one another.

10. Enviro Tech's failure to remit any payment of the net proceeds to Erickson or Belfield constitutes a breach of the Partnership agreement.

11. Enviro Tech's failure to reimburse Erickson or Belfield for any expenses incurred in furtherance of the Partnership agreement, as an alternative to remitting payment for the net proceeds, was a breach of the Partnership agreement.

12. Enviro Tech concealed the accounting, net proceeds, and cost information from Erickson and Belfield. Such concealment was a breach of Enviro Tech's fiduciary duty.

PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 8

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

13. Enviro Tech's failure to produce an accounting, when requested by Erickson and Belfield, constitutes a breach of the Partnership agreement.

14. Enviro Tech's failure to produce an accounting, when requested by Erickson and Belfield, constitutes a breach of Enviro Tech's fiduciary duty and RCW 25.05.160.

15. Enviro Tech, as the partner in control of the partnership records and accounts, has the burden of proof to show the partnership funds were used for partnership purposes.

16. Enviro Tech did not establish the Partnership funds were sufficiently utilized for Partnership purposes.

17. Enviro Tech did not maintain accurate accounting records for Bac Stop sales.

18. Due to Enviro Tech's refusal to provide an accounting to Erickson and Belfield, Plaintiffs were forced to file the instant lawsuit in order to protect partnership assets, ensure comingling of partnership assets did not occur, and to receive an accurate accounting.

19. Enviro Tech knew, as of February 20, 2023, that the Partnership was profitable, but concealed that fact from Erickson and Belfield, and

PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 9

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

withheld net proceeds that Erickson and Belfield were entitled to receive.

20. Because Plaintiffs were required to file this lawsuit in order to force Enviro Tech to comply with its fiduciary duties as a partner, and because Enviro Tech is in breach of its duties, the Court has the equitable authority to require Enviro Tech to share in the expense of the lawsuit.

21. The Court has equitable authority to permit Plaintiffs to recover each's one-third share in the additional Bac Stop sales.

22. Plaintiffs are each entitled to his one-third share of the total net profit from the Partnership and sales of the OrganiClean Products, including additional Bac Stop sales.

23. Plaintiffs are entitled to reasonable attorney fees and costs.

24. Plaintiffs are entitled to prejudgment and post-judgment interest at a rate of 12% per annum.

RESPECTFULLY SUBMITTED this 5th day of September, 2025.

    ETTER, McMAHON, LAMBERSON,
      VAN WERT & ORESKOVICH, P.C.

    *s/Maija M. Druffel*
    Maija M. Druffel, WSBA No. 43314
    Megan C. Clark, WSBA No. 46505

PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 10

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

Signed this 5th day of September 2025 in Spokane, WA.


By: */s/ Maija M. Druffel*
Maija M. Druffel

PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 11

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100