FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW ERICKSON and CRAIG BELFIELD,<br><br>        Plaintiffs,<br><br>v.<br><br>ENVIRO TECH CHEMICAL SERVICES, INC., a California Corporation, d/b/a OrganiClean,<br><br>        Defendant. | No. 1:23-CV-03118-MKD<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND REENTRY OF DISCOVERY ORDER<br><br>**ECF No. 109** |

  Before the Court is Plaintiffs' Motion for Partial Reconsideration and Reentry of Order Compelling Defendant to Respond to Discovery. ECF No. 109. Plaintiffs request reconsideration of the Court's Order Granting Defendant's Motion for Partial Summary Judgment, ECF No. 96, and for the Court to reinstate the discovery-related Order at ECF No. 52, which was superseded by the Order at ECF No. 56. As explained below, Plaintiffs have neither shown manifest error in

ORDER - 1

1  the prior ruling nor new facts or legal authority that could not have been raised

2  earlier.  *See* ECF No. 58 at 11.  The Court denies the Motion.

## LEGAL STANDARD

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)) (quotation marks and emphasis omitted).  However, "[m]otions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments." *Ramirez v. Medtronic, Inc.*, 961 F. Supp. 2d 977, 1005 (D. Ariz. 2013) (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)); *see also Cooper v. Tokyo Elec. Power Co., Inc.*, 166 F. Supp. 3d 1103, 1116 (S.D. Cal. 2015) (citing *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *Cachil Dehe Band of Wintun Indians of Colusa Indian Comm'ty v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) and *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

As set forth in in the Bench Trial Scheduling Order, the Court requires that a motion to reconsider show manifest error in the prior ruling or reveal new facts or

ORDER - 2

legal authority which could not have been brought to the Court's attention earlier. ECF No. 58 at 11.

# DISCUSSION

Plaintiffs' Motion, which they filed less than two months before the previous bench trial date in this case, asks the Court to vacate its summary judgment order and reopen discovery on the issue of damages. The Motion is premised on an inaccurate recitation of the history of this case, particularly the events of the October 2024 discovery disputes, Plaintiffs' belated Motion to Amend, and the reasons why the Court granted Defendant's Motion for Summary Judgment. When viewed against the record, Plaintiffs' arguments for reconsideration lack merit.

**A. Discovery Orders**

Pursuant to the initial Bench Trial Scheduling Order dated May 1, 2024, the parties had until January 10, 2025, to complete discovery. ECF No. 25 at 16.

Discovery disputes arose in September 2024. *See* ECF Nos. 30, 39. In the dispute relevant here, Plaintiffs moved to compel Defendant to respond to Plaintiffs' Request for Production No. 3 ("RFP 3"). ECF No. 30 at 5-6. By that time, Plaintiffs had narrowed RFP 3 to require production of "any and all documents that refer or relate to sales of Bac-Stop, whether or not it was sold by or for [the alleged partnership between Plaintiffs and Defendant], including, without limitation, invoices, bill of sales [sic], bill of ladings [sic], purchase orders and/or

ORDER - 3

any other document evidence the sale [sic] of Bac Stop," ECF No. 32-1 at 3-4 (underlining in original), for sales made in "the period of <u>March 15, 2020</u>[,] <u>through September 17, 2020</u>," ECF No. 32-3 at 1 (underlining in original), in "Washington, Oregon, California, Nevada, Utah, Colorado, and Montana," ECF No. 32-4 at 1-2.  This request was based on Plaintiffs' contention that they acquired new customers from these states who bought Defendant's Bac Stop product in this timeframe, and that the records from these sales may have omitted reference to Plaintiffs due to administrative oversight.  ECF No. 30 at 3-4; *see also* ECF No. 43 at 2-4.  The timeframe and geographic limitations were key to defining the appropriate scope of RFP No. 3, as Plaintiffs were apparently unable to identify the relevant customers.  *See* ECF Nos. 32-4, 32-5.

       Defendant contended that RFP 3 was still overbroad and unduly burdensome, ECF No. 41, but at the October 15, 2024, discovery hearing, defense counsel could not explain what type and magnitude of burden Defendant would face in responding to RFP 3.  The Court directed Defendant to respond to RFP 3 under the time-period and geographic limitations to which Plaintiffs had already agreed.  ECF No. 52 at 3.  Given the delay caused by the discovery dispute, the Court directed the parties to propose an amended scheduling order based on their determination of a feasible pretrial schedule.  *Id.* at 2.

ORDER - 4

1        On October 30, 2024, the Court held a further discovery dispute hearing. ECF No. 55.  Shortly before the hearing, Defendant filed the declaration of one of its employees, Theodore Thome.  ECF No. 54.  Mr. Thome attested that a full response to RFP 3 would require Defendant's employees to assemble "over 1,500 document packets" spanning 91 customers by manually reviewing each customer's file for responsive documents.  *Id.* at 2 ¶¶ 4-6.  He estimated this task would take two employees, working four hours per day, up to four weeks.  *Id.* at ¶ 6.  He attached a list of the 91 customers identified, organized according to the date Defendant established them as customers.  ECF No. 54-1.  Most had establishment dates well before any of the events alleged in the Second Amended Complaint, let alone before the alleged partnership.[1]

        At the hearing, Defendant noted that the Second Amended Complaint alleged that the partnership between Plaintiffs and Defendant began in "summer of 2020" and argued that RFP 3 could logically be narrowed to Bac Stop sales involving the four or five customers who had not already been established

---

[1] 33 customers were established in 2020, and 4 customers were established in 2019.  The remaining 54 were established between 2002 and 2018.

ORDER - 5

customers of Defendant before summer 2020.[2]  Plaintiffs' counsel argued that the alleged partnership began in summer 2019 and that she was "blindsided" by the contention that it began in summer 2020.  The Court observed that Defendant was relying on the Second Amended Complaint, wherein Plaintiffs alleged that they and Defendant agreed to enter into a partnership agreement "during the summer of 2020."[3]  ECF No. 17 at 5-6 ¶ 17.  Plaintiffs' counsel contended she had evidence that would prove the partnership began earlier and began showing various unfiled documents in open court, though these documents raised more questions than they answered.  *See* ECF No. 70 at 6.

The Court concluded that the scope of discovery was governed by the allegations in the operative pleadings, therefore only Bac Stop sales to customers who became established with Defendant in summer 2020 would be relevant.  But out of caution, the Court defined "summer 2020" more broadly, to include

---

[2] Defendant apparently interpreted the "summer of 2020" timeframe Plaintiffs alleged to have begun around June 1, 2020.  *See* ECF No. 54-1 at 2 (reflecting four customers with establishment dates in June or July 2020).

[3] The original Complaint and the Amended Complaint included the same allegation that the partnership began in "the summer of 2020."  ECF No. 70 at 3 (quoting ECF No. 1-1 at 8 ¶ 3.10; ECF No. 4 at 5-6 ¶ 17).

ORDER - 6

1  May 2020.  ECF No. 56.  Accordingly, Defendant was required to produce Bac Stop sales records for a total of sixteen customers: the four included in Defendant's proposed definition of summer 2020, plus twelve established in May 2020.  *See* ECF No. 54-1 at 2.

On November 14, 2024, the Court issued the Second Bench Trial Scheduling Order in accordance with the parties' proposed schedule.  ECF No. 58 at 16; *see also* ECF No. 57 at 2.  The parties did not seek any further rulings on discovery disputes in the remaining discovery period.  On one occasion, the Court set a further discovery dispute hearing at Plaintiffs' request, ECF No. 71, but the day before the related briefing deadline, the parties requested that the hearing be struck, ECF No. 72.

Plaintiffs' Motion misrepresents these events, claiming that the Court narrowed RFP 3 "by reducing the 1,500 packets for customers to 4 packets for customers," despite that Mr. Thome "admitted" these 1,500 packets "are relevant to Plaintiffs['] claim for Bac Stop damages."  ECF No. 109 at 5, 9.  The Court's second Order directed Defendant to disclose records for the sixteen customers who were established in May 2020 or later for sales in Plaintiffs' specified timeframe and geographic region.  It is unclear how many document packets existed for these sixteen customers.  But it is untrue that the Court limited the scope of RFP 3 to "4 packets," or even to the packets for the four customers Defendant suggested.

ORDER - 7

Plaintiffs missed all appropriate opportunities to reraise this issue if they had valid reason for the Court to reconsider the Order. They did not seek any further ruling from the Court on this issue. While they argue Mr. Thome gave contradicting testimony about the above facts at his deposition on April 23, 2025, ECF No. 109 at 5-6, they did not cite this section of his testimony as a basis for a further discovery dispute hearing, nor did they mention it in opposing Defendant's Motion for Summary Judgment.[4] Until now, Plaintiffs had never contended they were entitled to all of the approximately 1,500 document packets Mr. Thome described. A party cannot use a motion for reconsideration to make new arguments not raised in their original briefs. *See Ramirez*, 961 F. Supp. 2d at 1005.

---

[4] Plaintiffs only mentioned Mr. Thome briefly in their opposition to summary judgment:

> Defendant's statement in its Motion that Mr. Harvey fails to demonstrate that he has any personal knowledge that these supposed additional Bac Stop sales ever occurred (ECF No. 78), is interesting given that Defendant's only fact witness, Mr. Thome admitted Mr. Harvey had exclusive knowledge, information and authority regarding the OrganiClean Partnership and the terms upon which the Defendant agreed to operate. . . . Mr. Thome also admits that he, personally, has no actual knowledge or information regarding the OrganiClean Partnership.

ECF No. 84 at 7 (citing ECF No. 82 at 5-6 ¶ 7, 8 ¶ 13).

ORDER - 8

Untimeliness aside, Plaintiffs' substantive argument also lacks merit. Plaintiffs provide no explanation of how records of Defendant's sales to customers it had acquired long before the alleged partnership began could be relevant to their claims. The Court has also reviewed the sections of Mr. Thome's testimony that Plaintiffs cite and disagrees that his testimony contradicts his earlier representations in relation to RFP 3.

Plaintiffs have not shown manifest error in the prior ruling, or new facts or legal authority which could not have been brought to the Court's attention earlier, that warrants reconsideration of the Order limiting RFP 3 to the sixteen customers who were established with Defendant in May 2020 or later.

## B. Plaintiffs' Motion to Amend

Although Plaintiffs do not request reconsideration of the Order denying leave to amend, the Court notes that Plaintiffs omit any mention why the Court denied them leave to amend, while portraying their efforts as "diligent." *See* ECF No. 109 at 5 n.3 ("Plaintiffs then moved for leave to amend the SAC to correct the erroneous dates . . ., which this Court denied . . .") (citing ECF Nos. 60, 70), 8 ("Defendant has refused to produce such evidence, despite *diligent efforts by Plaintiffs* to request, compel and *even amend pleadings* to obtain.") (emphasis added). The primary reason the Court denied Plaintiffs leave to amend was because they failed to provide any arguments or evidence of their own diligence,

while the rest of the record strongly indicated they had not acted diligently. *See* ECF No. 70 at 10-12.

**C. Summary Judgment**

Finally, Defendant moved for partial summary judgment on the contention that Plaintiffs had no evidence of the existence of unallocated Bac Stop damages to which they were entitled, except for a bare assertion by Michael Harvey, Defendant's former CEO, that such damages existed and approximated $411,768.38. ECF No. 79 at 14. The Court concluded that Plaintiffs had not established that Mr. Harvey had personal knowledge about facts related to unattributed Bac Stop sales, was competent to testify on that subject, or had any basis besides speculation for his attestation of the amount of those damages. ECF No. 96 at 15. Plaintiffs offered nothing else except for their experts' reports on unallocated Bac Stop damages, in which their experts explicitly stated that their opinions on unallocated Bac Stop damages depended entirely on Mr. Harvey's declaration. ECF No. 96 at 13-14; *accord* ECF No. 109 at 11-12.

This was not, as Plaintiffs argue, a weighing of Mr. Harvey's credibility or of the substantive elements of Plaintiffs' claim. *See* ECF No. 109 at 10, 12. Both federal and Washington courts require competent evidence to support a claim for damages, as Plaintiffs acknowledge. *See* ECF No. 109 at 11 (quoting *Fed. Signal Corp. v. Safety Factors, Inc.*, 886 P.2d 172, 188 (Wash. 1994)). If they relied on a

witness's declaration, they had to establish that the witness was competent to testify on those issues and was testifying from personal knowledge. ECF No. 96 at 4 (quoting Fed. R. Civ. P. 56(c)(4)).[5] They failed to do so, and they did not attempt to provide any other competent evidence of unallocated Bac Stop damages.[6]

---

[5] Plaintiffs suggest that the federal rules and Washington rules differ on this point, which is incorrect. *Compare* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."), *with* Wash. Super. Ct. Civ. R. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

[6] Apparently there was no "shred of evidence" of unallocated Bac Stop sales in the sales records for the sixteen customers established in "summer of 2020" that Plaintiffs were permitted to obtain under the second discovery order, as Plaintiffs offered none of those records in opposing summary judgment. *See* ECF No. 109 at 2 (alleging that the second discovery order is the reason "why Plaintiffs are not in

Plaintiffs have not shown manifest error in the prior ruling, or new facts or legal authority which could not have been brought to the Court's attention earlier, that warrants reconsideration of the Order granting Defendant summary judgment on the claim for unallocated Bac Stop damages.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Reconsideration, **ECF No. 109**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED November 20, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

---

possession of a 'shred of written evidence'" to support their claim for unallocated Bac Stop sales (underlining in original)).

ORDER - 12